786 So.2d 902 (2001)
STATE of Louisiana, Appellee,
v.
Sylvester Wayne MYLES, Appellant.
No. 34,519-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*903 Robert S. Noel, II, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Geary Aycock, Assistant District Attorney, Counsel for Appellee.
Before GASKINS, CARAWAY and DREW, JJ.
GASKINS, J.
The defendant, Sylvester Wayne Myles, entered a plea of guilty to one count of second degree battery. He was sentenced to serve two years at hard labor, to be served consecutively with any other sentence. He appeals his sentence as excessive. We affirm the conviction and sentence.

FACTS
On October 27, 1998, the defendant and two companions severely beat a woman after she allegedly failed to complete a purchase of cocaine from the defendant. There were witnesses to the attack and one of the accomplices confessed to the police. Another individual informed police that he discussed the incident with the defendant who stated that he tried to "kill the b____." The victim sustained two broken ribs and a cut to the right eye which required stitches. She incurred more than $3,600.00 in medical expenses and lost wages. The defendant was arrested for the offense. During the course of the arrest, it was discovered that the defendant was in possession of a rock of cocaine. The defendant was charged by bill of information with one count of second degree battery and one count of possession of cocaine.
On June 12, 2000, pursuant to a plea agreement, the defendant entered a plea of *904 guilty to second degree battery. In exchange for the plea, the charge of possession of cocaine was dismissed.[1] On July 5, 2000, the defendant appeared for sentencing. He was ordered to serve two years at hard labor, to run consecutively to any other sentence. Credit was given for time served and the defendant was properly informed of the applicable delays for seeking post conviction relief. The defendant filed a motion to reconsider sentence which was denied by the trial court on July 26, 2000. The defendant then appealed, arguing that his sentence is excessive.
The defendant argues that the trial court erred in ordering that his sentence be served consecutively with the sentence in an unrelated case.[2] He claims that the present offense was committed during the course of a drug deal. Because both offenses concerned sales of narcotics, he contends that they arose out of the same course of conduct. Therefore, under La. C.Cr.P. art. 883, the defendant asserts that his sentence should have been ordered to be served concurrent to the sentence imposed in the plea in No. 34,520-KA, for attempted distribution of cocaine.[3] He also argues that the sentence is excessive because he is a first felony offender. These arguments are without merit.

LEGAL PRINCIPLES
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating and mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (La.1988).
Whether the sentence imposed is too severe depends upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1 § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A *905 sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
A suspended sentence is not mandated simply because a defendant is a first felony offender. State v. Woodman, 28,004 (La.App.2d Cir.1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696.

DISCUSSION
The record shows that the trial court considered the sentencing factors set forth in La.C.Cr.P. art. 894.1. Prior to imposing sentence, the trial court reviewed a presentence investigation (PSI) report. The court noted that the defendant was 21 years old, had a normal childhood, and both of his parents had been employed. He changed schools frequently, was expelled once, and failed to graduate.
The trial court found that the defendant had been involved in drugs since the age of 18. The court considered that the victim suffered serious bodily harm, suffering two broken ribs and a cut to the right eye. Further, the offense was committed without provocation. The sentencing court noted that the defendant had a significant criminal record, including convictions for simple battery, criminal mischief, contempt of court, resisting arrest on two separate occasions, and trespassing. The court expressed concern over the defendant's pattern of committing batteries and drug offenses, finding that the criminal conduct was likely to recur and the defendant would not respond favorably to probation. The court found that the defendant was in need of correctional treatment best provided by incarceration. The trial court noted that a lesser sentence than that actually imposed would deprecate the seriousness of the offense. Therefore, we find that the trial court adequately considered the factors listed in La.C.Cr.P. art. 894.1 in imposing this sentence.
Further, the sentence imposed is not excessive. The maximum sentence for second degree battery is a $2,000.00 fine and imprisonment at hard labor for five years. In this case, no fine was imposed and the defendant was sentenced to serve less than one-half the maximum period of incarceration. Additionally, the defendant received the benefit of a plea agreement whereby the charge of possession of cocaine was dismissed. In light of the harm done to the victim, the sentence is not disproportionate to the severity of the offense and does not shock the sense of justice. Also, even though the defendant is a first felony offender, he possesses an extensive criminal history. Therefore, the trial court did not abuse its discretion in refusing to grant the defendant a suspended sentence.
We also note that this offense is unrelated to that charged in No. 34,520-KA. That offense occurred in 1999, whereas the present offense took place in 1998. The offenses were not part of the same act or transaction and did not constitute parts of a common scheme or plan. Where two offenses are separate and not viewed as a single course of conduct, it is certainly within the discretion of the trial court to order that the terms of incarceration be served consecutively. State v. Robinson, 33,921 (La.App.2d Cir.11/1/00), 770 *906 So.2d 868. Therefore, the trial court did not abuse its discretion in refusing to place the defendant on probation, in the length of sentence imposed, or in ordering that the sentence be served consecutively with any other sentence.[4]

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Sylvester Wayne Myles, for second degree battery.
AFFIRMED.
NOTES
[1] At the same time the defendant entered this plea, he also pled guilty in an unrelated case to attempted distribution of cocaine. Pursuant to these pleas, the state dismissed four drug charges in the other case, as well as an unrelated armed robbery charge.
[2] This same day, we render an opinion addressing the defendant's guilty plea and sentence for an unrelated offense of attempted distribution of cocaine in No. 34,520-KA.
[3] La.C.Cr.P. art. 883 provides:

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
[4] Upon examination, we have not found any error patent on the face of the record.