926 So.2d 822 (2006)
STATE of Louisiana, Appellee,
v.
Thomas E. MORGAN, Appellant.
No. 40,976-KA.
Court of Appeal of Louisiana, Second Circuit.
April 12, 2006.
*824 Paula C. Marx, Louisiana Appellate Project, Lafayette, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Marcus Patillo, Assistant District Attorneys, for Appellee.
Before GASKINS, MOORE and LOLLEY, JJ.
GASKINS, J.
The defendant, Thomas E. Morgan, appeals as excessive his six-year sentence for simple burglary which was ordered to be served consecutively with his four-year sentence for attempted simple burglary. For the following reasons, we affirm the conviction and sentence.

FACTS
The defendant was originally charged with two counts of simple burglary of the Red Dog Saloon in Webster Parish. The first offense occurred on September 29, 2002; the second occurred on October 5, 2002. In each instance, several cases of beer were taken. Under a separate docket number, the defendant was charged with the simple burglary of Bee Bops Grocery on October 4, 2002.
Pursuant to a plea agreement, the defendant was allowed to plead guilty in the present matter to one count of simple burglary of the Red Dog Saloon. The other charge dealing with this establishment was dismissed. In the case concerning Bee Bops Grocery, the defendant was allowed to plead guilty to one count of attempted simple burglary. As part of the plea bargain agreement, the state agreed not to charge the defendant as a multiple offender and not to file charges against him in a separate, unrelated case. The guilty pleas were entered on June 16, 2003.
The defendant appeared before the court for sentencing on September 29, 2003. The court sentenced the defendant to six years at hard labor for the simple burglary charge, to be served consecutively with the four-year hard labor sentence imposed for the attempted simple burglary of Bee Bops Grocery, and consecutive to any other sentence the defendant might be required to serve. A motion to reconsider *825 the sentence was eventually denied by the trial court.
On June 13, 2005, a hearing was held on the defendant's request for an out-of-time appeal. A written order granting the out-of-time appeal was signed on September 2, 2005. On appeal, the defendant argues that the trial court erred in ordering that the six-year hard labor sentence be served consecutively and that the imposition of a consecutive sentence resulted in an excessive sentence.

LEGAL PRINCIPLES
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864. A defendant's reduction in sentencing exposure through plea bargaining is a valid consideration in sentencing if the lesser offense does not adequately describe the defendant's conduct. State v. Lanclos, 419 So.2d 475 (La.1982).
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
The defendant contends that he has a history of alcohol and substance abuse and is in need of treatment. He points out that no physical harm resulted from his offenses and only minimal property damage occurred. He claims to be remorseful for his actions and asserts that he is working on self-discipline. He maintains that in these offenses, he only took three or four cases of beer and that the offenses were committed close in time to each other and in the same area. Therefore, he asserts that the offenses were part of a common scheme or plan and that the sentences should be concurrent. He argues that requiring his six-year sentence for the simple burglary and the four-year sentence regarding the attempted simple burglary be served consecutively amounts to a ten-year hard labor sentence for taking a few cases of beer and is constitutionally excessive.
The defendant appeared before the court for sentencing on the simple burglary plea in this case and the attempted simple burglary conviction which was charged under a separate docket number. The court noted that in these offenses, the defendant took several cases of beer. The trial court consulted a presentence investigation report in which the defendant admitted *826 being addicted to crack cocaine. The report also reflected the defendant's long adult criminal history. He had several convictions for disturbing the peace by being drunk in public, as well as numerous convictions for driving while intoxicated (DWI). At the time the present offense was committed, the defendant was on probation following a conviction for DWI, third offense, in 2001. The defendant also had convictions for misdemeanor theft, driving under suspension, unauthorized use of a movable, simple battery, and second degree battery.
The court noted that the defendant had been on probation on six occasions and had been through substance abuse treatment numerous times. The court found that any lesser sentence than that actually imposed would deprecate the seriousness of the offense. The court cited a letter written by the defendant claiming a desire to change his behavior; however, the court found that the desire was not evidenced by the defendant's actions. The court then ordered the defendant to serve six-year at hard labor on the present charge and four years at hard labor on the attempted simple burglary charge. The court ordered the sentences to be served consecutively to each other and to any other sentence that might be imposed.
The defendant received the benefit of a favorable plea agreement in which one count of simple burglary was dismissed in this matter, another unrelated offense was not charged, and the state agreed not to charge the defendant as a multiple offender.
The record shows that the trial court adequately considered the factors listed in La. C. Cr. P. art. 894.1 in imposing this sentence. Further, the sentence imposed is not excessive. The maximum sentence for simple burglary is twelve years at hard labor and a fine of $2,000. The defendant was ordered to serve one-half the maximum sentence of incarceration in the burglary conviction and no fine was imposed. In the attempted burglary, the defendant was sentenced to four years out of a possible six-year sentence. In light of the defendant's extensive criminal record and his failure to respond favorably in the past to probation and substance abuse treatment, the sentence is not disproportionate to the severity of the offense and does not shock the sense of justice. The court did not abuse its discretion in the sentence imposed.
The defendant also argues that the trial court erred in ordering the sentences to be served consecutively.
La. C. Cr. P. Art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
Concurrent sentences arising out of a single course of conduct are not mandatory and consecutive sentences under those circumstances are not necessarily excessive. State v. Maxie, 30,877 (La. App.2d Cir.8/19/98), 719 So.2d 104; State v. Dagenhart, 39,874 (La.App.2d Cir.8/17/05), 908 So.2d 1237. It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. All factors in the case are to be considered in choosing whether to impose *827 consecutive or concurrent sentences. Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the defendant's apparent disregard for the property of others, the potential for the defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain. State v. Maxie, supra.
A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence of record. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. State v. Maxie, supra; State v. Mitchell, 37,916 (La.App.2d Cir.3/3/04), 869 So.2d 276, writ denied, XXXX-XXXX (La.9/24/04), 882 So.2d 1168, cert. denied, 543 U.S. 1068, 125 S.Ct. 905, 160 L.Ed.2d 801 (2005).
In this matter, the offenses were not based on the same act or transaction or part of a common scheme or plan. They involved different businesses on different dates and were not even charged in the same bill of information or under the same docket number. Because these were separate offenses, the trial court acted within its discretion in ordering the sentence in the present matter to be served consecutively. See State v. Myles, 34,519 (La.App.2d Cir.5/9/01), 786 So.2d 902.
However, even if the offenses were part of a common scheme or plan, the factors contained in the record and considered by the trial court in pronouncing sentence were sufficient for the imposition of consecutive sentences.

ERROR PATENT
We have reviewed this matter for error patent on the face of the record pursuant to La. C. Cr. P. art. 920(2). At the sentencing, the trial court stated that the defendant had five days from the date of sentencing to file a notice of appeal. La. C. Cr. P. art. 914(B) was amended to allow a motion for appeal to be filed 30 days after the rendition of the judgment or ruling from which the appeal is taken. The amendment took effect August 15, 2003. The sentence was imposed on September 29, 2003. Therefore, the applicable time period for filing a notice of appeal was 30 days. However, because the defendant was eventually granted an out-of-time appeal, this error is moot.

CONCLUSION
For the reasons stated above, the conviction and sentence of the defendant, Thomas E. Morgan, are affirmed.
AFFIRMED.