956 So.2d 109 (2007)
STATE of Louisiana, Appellee
v.
Benny YOSSETT, Jr., Appellant.
No. 41,926-KA.
Court of Appeal of Louisiana, Second Circuit.
April 25, 2007.
*112 Larrion L. Hillman, G. Paul Marx, Lafayette, for Appellant.
J. Schuyler Marvin, District Attorney, C. Sherburne Sentell, III, Assistant District Attorney, for Appellee.
Before WILLIAMS, DREW and MOORE, JJ.
WILLIAMS, Judge.
The defendant, Benny Yossett, Jr., was charged by bill of information with two counts of sexual battery (LSA-R.S. 14:43.1); two counts of oral sexual battery (LSA-R.S. 14:43.3); two counts of molestation of a juvenile (LSA-R.S. 14:81.2); two counts of indecent behavior with a juvenile (LSA-R.S. 14:81); and two counts of aggravated incest (LSA-R.S. 14:78.1). All of the charges involved defendant's alleged abuse of his two sons. After a trial, the jury found defendant guilty as charged on all ten counts. The trial court imposed consecutive ten-year sentences at hard labor without benefit of parole, probation or suspension of sentence on each of the first four counts, consecutive ten-year hard labor sentences for each of counts five and six, five years at hard labor for each of counts seven and eight, to run concurrently with each other, but consecutively with counts one to six and consecutive 20-year hard labor sentences for each of counts nine and ten. Defendant appeals his convictions and sentences. For the following reasons, we affirm.

FACTS
The evidence presented at trial shows that defendant married Brenda in February 1992 and three children were born of the marriage. The first child was a son, M.A.Y., born in March 1992. A second son, A.S.Y., was born in April 1993 and a third child, a daughter, was also born. Brenda separated from the defendant in 1997 or 1998, but they were not divorced. Between 1999 and 2001, Brenda lived in Shreveport and had legal custody of the children. The defendant, who lived in a trailer home in Webster Parish, exercised his parental visitation rights every other weekend.
Brenda's landlord, Lona, sometimes helped out by watching the children. Lona also disciplined the children by having them "write lines," and then later, essays or letters about various topics. One of the subjects Lona asked the children to write about was their activities when they visited their father. She usually glanced at and then put away the essays/letters without reading them. Lona noted at trial that A.S.Y.'s older brother M.A.Y. did not know how to write at that time. M.A.Y. has a low I.Q., suffers from severe learning disabilities and is a special education student.
Between 1999 and 2001, M.A.Y., began "acting out" sexually after his visits with his father. His behavior included exposing himself and having sex with his young sister. He was six years old when this behavior began. Lona discovered the children having sex among themselves and disciplined them. The excessive sexual behavior made Lona suspicious and she finally asked A.S.Y. if anyone had ever molested *113 him. A.S.Y. answered affirmatively and replied, "My father." Lona told A.S.Y. that he needed to write the whole thing down on paper. She reported the sexual abuse to Brenda and pressured Brenda to contact the authorities. Brenda, who was hesitant at first because she needed the child support, eventually contacted the child protection agency. The children were temporarily removed from her home. A.S.Y.'s writings revealed details of oral and group sex involving the defendant, A.S.Y., M.A.Y. and other males, and also described anal sexual intercourse involving himself and the defendant.
Caddo Parish Juvenile Probation Officer Karen Baird conducted an investigation of M.A.Y.'s bizarre behavior, which included "acting-out," explicit and excessive sexual activity, head-banging and aggression. Baird learned that M.A.Y. had recently disclosed the sexual abuse perpetrated against him by his father, the defendant. Baird interviewed M.A.Y., who specifically stated that defendant made him perform oral sex. Baird opined that M.A.Y.'s behavior was consistent with that exhibited by victims of sexual abuse. Based on Baird's experience and training, she found M.A.Y.'s statements to her to be truthful and consistent. Baird confirmed that her investigation revealed that the sexual abuse of M.A.Y. also included abuse perpetrated by the 14-year-old "stepson" of the defendant and a man named "Mr. Robbins."
Both of the defendant's sons testified against him at trial. M.A.Y., who was 13 years old at the time of trial, described in detail what transpired when he and his siblings visited the defendant, their father, at his trailer on weekends. M.A.Y. testified that the defendant would make him and his brother perform oral sex on him and defendant would also perform oral sex on them. M.A.Y. stated that this sexual activity would occur in different locations inside the trailer and sometimes other adults would participate, but he could not remember the names of the other adults. M.A.Y. testified that sometimes with defendant he and his brother watched movies showing naked people having sex. He stated that the defendant threatened to hit him and his brother with a hammer on their knees if they ever told anyone. M.A.Y. related that all of the sexual activity stopped when Lona found out about him having sex with his sister. He assured the court that nobody told him what to say, and that he was telling the truth. On cross-examination, M.A.Y. could not remember the exact time frame when this activity occurred, but thought that the abuse began when he was in kindergarten.
Twelve-year-old A.S.Y. made an in-court identification of the defendant as his father. A.S.Y. explained that the "bad things" all started when the defendant entered the boys' room at night during their weekend visits to his trailer. A.S.Y. testified that on those occasions, the defendant was naked, told them to take off their clothes and then forced them to perform oral sex. A.S.Y. stated that more than once the defendant stuck his penis in A.S.Y.'s rectum. A.S.Y. testified that this abuse occurred almost every weekend the children visited the defendant at his trailer and that he showed them movies about naked people having sex. A.S.Y. stated that a male friend of the defendant, Paul Robbins, who also lived in the trailer for a time, participated in having oral and anal sex with the boys. A.S.Y. testified that the defendant threatened to kill him if he ever told anyone and also threatened to hit his knees with a hammer. A.S.Y. related that he eventually told Lona about the sex with the defendant. A.S.Y. made an in-court identification of the letters as those he had written detailing what had transpired at the defendant's trailer. His were *114 the only letters introduced at trial. A.S.Y. stated that he did not need to read his writings to refresh his memory of what had happened, that he had written and testified truthfully, and that no one had coached him regarding his testimony.
In a multiple-count indictment, the defendant was charged with committing a total of ten sexual crimes against his two male children, A.S.Y. and M.A.Y., during the years of 1999 through 2001, including two counts each of sexual battery, oral sexual battery, molestation of a juvenile, indecent behavior with a juvenile, and aggravated incest. A unanimous six-person jury found defendant guilty as charged on all ten counts. The defense filed motions for new trial and post-verdict judgment of acquittal, which were denied. The trial court sentenced the defendant as follows:
COUNT ONE; sexual battery of A.S.Y. (R.S. 14:43.1); ten years at hard labor without benefit of probation, parole or suspension of sentence;
COUNT TWO; sexual battery of M.A.Y. (R.S. 14:43.1); ten years at hard labor without benefit of probation, parole or suspension of sentence, to run consecutive with count one;
COUNT THREE; oral sexual battery of A.S.Y. (R.S. 14:43.3); ten years at hard labor without benefit of probation, parole or suspension of sentence, to run consecutive with counts one and two;
COUNT FOUR; oral sexual battery of M.A.Y. (R.S. 14:43.3); ten years at hard labor without benefit of probation, parole or suspension of sentence, to run consecutive with counts one, two and three;
COUNT FIVE; molestation of a juvenile, A.S.Y. (R.S. 14:81.2); ten years at hard labor, to run consecutive with counts one, two, three and four;
COUNT SIX; molestation of a juvenile, M.A.Y. (R.S. 14:81.2); ten years at hard labor, to run consecutive with counts one, two, three, four and five;
COUNT SEVEN; indecent behavior with a juvenile, A.S.Y. (R.S. 14:81); five years at hard labor, to run consecutive with counts one through six but concurrent with count eight;
COUNT EIGHT; indecent behavior with a juvenile, M.A.Y. (R.S. 14:81); five years at hard labor, to run consecutive with counts one through six but concurrent with count seven;
COUNT NINE; aggravated incest of A.S.Y. (R.S. 14:78.1); twenty years at hard labor, to run consecutive with counts one through eight;
COUNT TEN; aggravated incest of M.A.Y. (R.S. 14:78.1); twenty years at hard labor, to run consecutive with counts one through nine.
The defense filed a motion to reconsider sentence, alleging that the sentences were excessive for a first felony offender considering the circumstances of the case and the defendant's background and that the trial court failed to consider mitigating factors. The motion to reconsider sentence was denied by the trial court. This appeal followed.

DISCUSSION
The defendant contends the verdict was unconstitutional because it represents multiple convictions for one course of conduct without any evidence as to when any particular incident happened. Defendant argues that the jury could not have found specific separate facts supporting the convictions on the various counts, since the bill of information merely recited the statutory definitions of the crimes alleged and the state failed to present specific evidence on each of the charges, but relied instead on the "summary" testimony of the victims, *115 who could not specify any date when these offenses occurred.
LSA-C.Cr.P. art. 463 sets forth the form that a bill of information may follow and provides that the "particulars of the offense may be added." State v. Carcamo, 03-589 (La.App. 5th Cir.10/28/03), 860 So.2d 220. An information must set forth an identifiable offense and inform defendant of the statutory basis of the offense, but need not set out detailed facts constituting violation since those facts can be given to defendant by answers to a bill of particulars. State v. Gainey, 376 So.2d 1240 (La.1979).
LSA-C.Cr.P. art. 859 provides that the court shall arrest the judgment only when the indictment is substantially defective because an essential averment is omitted, or when the verdict is not responsive to the indictment. An irregularity or error cannot be availed of after the verdict unless it was objected to at the time of occurrence. LSA-C.Cr.P. art. 841; State v. Smith, 39,698 (La.App. 2d Cir.6/29/05), 907 So.2d 192.
In this case, the defense basically asserts in its brief that the bill of information was substantially defective and that the verdict was not responsive to the bill. However, the record shows that the information provides the statutory basis and definition for each offense charged. Thus, the bill of information substantially conforms with the requirements of Article 463. The defendant did not request a bill of particulars prior to trial. Nor did defendant file a post-trial motion in arrest of judgment, which would have been the proper procedural vehicle for raising the issue of the validity of the information or the verdict. Additionally, the defendant's motion for new trial complained only that the evidence was insufficient to support the verdicts. Consequently, the defendant failed to properly preserve the alleged error for appeal. In any event, we conclude that the bill of information adequately informed defendant of the statutory basis of the charged offenses and a detailed statement of the facts constituting the violations was not required. The assignment of error lacks merit.
Sufficiency of the Evidence
The defendant contends the evidence was insufficient to support the convictions. Defendant argues that the jury verdicts were contrary to the law since the victims' testimony was not corroborated by any medical evidence and they failed to provide specific dates for any of their allegations.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.8/29/02), 827 So.2d 488, writ denied, 02-2634 (La.9/05/03), 852 So.2d 1020. This standard, now legislatively embodied in LSA-C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court gives great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La. App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
*116 The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the issue is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App. 2d Cir.9/18/02), 828 So.2d 622, writs denied, 02-2595 (La.3/28/03), 840 So.2d 566, 02-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App. 2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048. This is equally applicable to victims of sexual assault. State v. Robinson, 36,147 (La.App. 2d Cir.12/11/02), 833 So.2d 1207; State v. Ponsell, 33,543 (La.App. 2d Cir.8/23/00), 766 So.2d 678, writ denied, 2000-2726 (La.10/12/01), 799 So.2d 490. See State v. Simpson, 39,268 (La.App. 2d Cir.1/26/05), 892 So.2d 694. Such testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. State v. Robinson, supra; State v. Ponsell, supra.
In cases involving a defendant's claim that he was not the person who committed the crime, the Jackson rationale requires the state to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Powell, 27,959 (La.App. 2d Cir.4/12/96), 677 So.2d 1008, writ denied, 96-1807 (La.2/21/97), 688 So.2d 520. Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La.App. 2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12; State v. Miller, 561 So.2d 892 (La.App. 2d Cir.), writ denied, 566 So.2d 983 (La.1990).
COUNTS ONE AND TWO-SEXUAL BATTERY:
At the time of the offenses, LSA-R.S. 14:43.1(A) defined sexual battery in part as the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained 15 years of age and is at least three years younger than the offender: (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or (2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
The actual date on which the offense is alleged to have occurred is not an essential element of the crime. LSA-R.S. 14:43.1; State v. DJ, 29,474 (La.App. 2d Cir.4/2/97), 691 So.2d 839; State v. Cleveland, *117 25,628 (La.App. 2d Cir.1/19/94), 630 So.2d 1365.
COUNT ONE charged the defendant with the sexual battery of A.S.Y., a male juvenile under 15 years of age between 1999 and 2001. A review of the record reveals that the state presented credible direct evidence that A.S.Y. performed oral sex on the defendant, who was more than three years older than A.S.Y. It was also proved that A.S.Y. was born in April 1993 and the defendant was 35 years old at the time of trial.
COUNT TWO charged the defendant with the sexual battery of M.A.Y., a male juvenile under 15 years of age. The record shows that the state likewise proved by credible direct evidence that M.A.Y. performed oral sex on the defendant, who was more than three years older than M.A.Y. It was also proved that M.A.Y. was born in March 1992 and the defendant was 35 years old at the time of trial. The actual date on which each of the offenses occurred is not an essential element of the crime.
COUNTS THREE AND FOUR-ORAL SEXUAL BATTERY:
From 1999 until August 15, 2001, the effective date of its amendment by Acts 2001, No. 301, § 1, LSA-R.S. 14:43.3(A) defined oral sexual battery in part as the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, when the other person has not yet attained 15 years of age and is at least 3 years younger than the offender: (1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender; or (2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
COUNT THREE charged the defendant with the oral sexual battery of A.S.Y., a male juvenile under 15 years of age. The state proved by credible direct evidence that the defendant, who was more than three years older than A.S.Y., performed oral sex on A.S.Y., who was born in April 1993.
COUNT FOUR charged the defendant with the oral sexual battery of M.A.Y., a male juvenile under 15 years of age. The state likewise proved by credible direct evidence that the defendant, who was more than 3 years older than M.A.Y., performed oral sex on M.A.Y., who was born in March 1992.
COUNTS FIVE AND SIX-MOLESTATION OF A JUVENILE:
At the time of the offenses, LSA-R.S. 14:81.2(A) defined molestation of a juvenile as the commission by anyone over the age of 17 of any lewd or lascivious act upon the person or in the presence of any child under the age of 17, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile.
COUNT FIVE charged the defendant with molestation of a male juvenile, A.S.Y. It was proved by credible direct evidence that the defendant included A.S.Y. in group sex. It was further proved that this offense occurred during the defendant's parental visitation with A.S.Y., and that he threatened to hit A.S.Y.'s knees with a hammer if he told anyone.
COUNT SIX charged the defendant with molestation of a male juvenile, M.A.Y. It was likewise proved by credible direct evidence that the defendant included M.A.Y. in group sex. It was further *118 proved that this offense occurred during the defendant's parental visitation with M.A.Y., and that he threatened to hit M.A.Y.'s knees with a hammer if he told anyone.
COUNTS SEVEN AND EIGHT-INDECENT BEHAVIOR WITH A JUVNILE:
From 1999 to 2001, LSA-R.S. 14:81 defined indecent behavior with a juvenile in part as the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of 17, where there is an age difference of greater than 2 years between the two persons, with the intention of arousing or gratifying the sexual desires of either person.
COUNT SEVEN charged the defendant with indecent behavior with a male juvenile, A.S.Y. It was proved by credible direct evidence that the defendant showed pornographic movies to A.S.Y., that A.S.Y. was born in April 1993 and the defendant was 35 years old at the time of trial.
COUNT EIGHT charged the defendant with indecent behavior with a male juvenile, M.A.Y. It was likewise proved by credible direct evidence that the defendant showed pornographic movies to M.A.Y., that M.A.Y. was born in March 1992 and the defendant was 35 years old at the time of trial.
COUNTS NINE AND TEN-AGGRAVATED INCEST:
At the time of the offenses, LSA-R.S. 14:78.1 prohibiting aggravated incest provided in pertinent part:
A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
B. The following are prohibited acts under this Section:
(1) Sexual intercourse, sexual battery, aggravated sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
(2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.
COUNT NINE charged the defendant with aggravated incest with A.S.Y. The state proved this offense by presenting credible direct evidence that the defendant performed anal sexual intercourse with his biological son, A.S.Y. It was also proved that A.S.Y. was born in April 1993, and was therefore under 18 years of age. It was further proved that the defendant knew at the time of the offense that he was A.S.Y.'s biological father.
COUNT TEN charged defendant with aggravated incest with M.A.Y. The state likewise proved this offense with credible direct evidence that defendant performed sexual battery with his biological son, M.A.Y. It was further proved that M.A.Y. was under 18 years of age and that defendant knew at the time of the offense that he was M.A.Y.'s biological father.
The defendant's ten convictions are supported by the testimony of these two young victims. The record supports the *119 conclusion that the victims' testimony was credible because of the consistency with, and corroboration by, other trial testimony and the documentary evidence consisting of the letters written by A.S.Y. When the direct evidence is viewed in the light most favorable to the prosecution, together with the facts established by the direct evidence and inferred from the circumstances demonstrated by that evidence, there was a sufficient evidentiary basis for the jury to conclude beyond a reasonable doubt that defendant was guilty of every essential element of all ten crimes.
Considering the nature of the crimes, the ages of the victims, the length of time over which the crimes were perpetrated, and the fact that there is no significant internal contradiction or irreconcilable conflict with physical evidence, the testimony of these two sexual assault witnesses, which was obviously believed by the trier of fact, was sufficient support for the requisite factual conclusions. Their testimony alone was sufficient even though the state did not introduce medical or scientific evidence to prove the commission of the offenses by the defendant. Furthermore, the defendant was positively identified by his son, A.S.Y., as the perpetrator and such an identification is sufficient to support the convictions. Thus, the assignment of error lacks merit.
Sentencing
The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues that the trial court abused its discretion in sentencing defendant to 105 years imprisonment because the evidence presented was too vague to support the consecutive sentences imposed and the defendant was a first felony offender.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57, 04-2380 (La.6/3/05), 903 So.2d 452.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
Prior to imposing sentence in this case, the trial court reviewed a pre-sentence investigation report, which set forth defendant's criminal history that included a 2002 conviction of possession of marijuana and hit-and-run, careless operation and open container violations in 2003. The court noted defendant's first felony offender status *120 for the record and considered his social and work history. Particularly, the trial court observed that the defendant suffered from learning disabilities, had obtained a tenth grade education, and had worked odd jobs beginning at the age of 18. The court was aware of defendant's claim of physical abuse by his mother.
The trial court discussed the facts of the defendant's crimes against his own two sons, who were ages six and seven when the abuse began, and which occurred over the time period from 1999 to 2001. The trial court noted that the crimes involved the defendant performing anal sex on one son and oral sex with the other son, allowing other individuals to be involved in sex acts with his sons, and showing his sons pornographic movies. The trial court described in detail the emotional and mental harm caused to the defendant's sons and noted that the defendant's daughter also suffered emotional and mental harm because she fell victim to sexual activity at the hands of one of the sons. Thus, the court considered the important elements of defendant's personal history, prior criminal record and seriousness of the offenses. See State v. Jones, 398 So.2d 1049 (La. 1981).
In his brief, defendant argues the court erred in imposing excessive sentences because of the lack of specificity as to when individual acts occurred. The trial court has discretion to order sentences to run consecutively rather than concurrently. All factors in the case are to be considered in choosing whether to impose consecutive or concurrent sentences, including the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, and the potential for defendant's rehabilitation. State v. Morgan, 40,976 (La.App. 2d Cir.4/12/06), 926 So.2d 822; State v. Maxie, 30,877 (La.App. 2d Cir.8/19/98), 719 So.2d 104.
Here, the trial court meticulously set forth specific factors and reasons for imposing the consecutive sentences. Specifically, the trial court noted the fact that the abuse was inflicted "over and over and over again" during the course of a two-year period upon two separate children. In addition, the court observed the seriousness of the harm caused to the victims and pointed out that all of defendant's children would likely require therapy for the indefinite future. Referring to defendant's continued denial that he committed these offenses and his claim that he had been "framed," the court found that defendant had shown no remorse.
After reviewing the record, we conclude that the trial court provided adequate reasons for imposition of these consecutive sentences, which are within the sentencing range for the offenses of conviction. Although severe, the sentences imposed are neither grossly disproportionate to the seriousness of the offenses committed nor shocking to the sense of justice. There is no showing that the district court abused its discretion in sentencing this defendant. Thus, we cannot say the sentences are constitutionally excessive. The assignment of error lacks merit.
We have examined the record for error patent and found none.

CONCLUSION
For the foregoing reasons, the defendant's convictions and sentences are affirmed.
AFFIRMED.