968 So.2d 912 (2007)
STATE of Louisiana, Appellee
v.
Derek Christopher WRIGHT, Appellant.
No. 42,678-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 2007.
*914 Carey J. Ellis, III Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Dale Montgomery, Assistant District Attorneys, for Appellee.
Before STEWART, GASKINS and CARAWAY, JJ.
GASKINS, J.
The defendant, Derek Christopher Wright, pled guilty to attempted possession of a firearm by a convicted felon. He was sentenced to five years at hard labor without benefit of parole, probation, or suspension of sentence, to be served consecutively to any other sentence. He appeals his sentence as excessive. We affirm.

FACTS
On August 10, 2006, the defendant and the mother of his child got into an argument. During the course of this altercation, he threatened to kill her with a gun. The police were called, and they found him to be in possession of a gun.
The defendant, who had been convicted of cocaine possession in 2003, was charged with possession of a firearm by a convicted felon. He was also charged with illegal possession of a stolen firearm.
Trial was scheduled to begin on November 27, 2006. During jury selection, the defendant agreed to plead guilty to the lesser offense of attempted possession of a firearm by a convicted felon. Pursuant to the plea agreement, the charge of illegal possession of a stolen firearm was dismissed. At the defendant's guilty plea, the trial court ordered a presentence investigation (PSI) report. Although the state and the defendant requested that the trial court agree to a sentencing cap of five years, the court refused to accept any agreement which included a sentencing cap. The defendant agreed to plead guilty even though the court informed him that the maximum sentence for the charge to which he was pleading guilty was seven and a half years at hard labor without benefit of parole, probation or suspension of sentence.
The defendant was sentenced on January 30, 2007. Prior to imposing sentence, the court acknowledged receipt of a letter from the defendant's mother and heard the defendant's request for leniency. The court then noted the defendant's lack of a juvenile criminal record before reviewing his extensive adult criminal history. The trial court listed the defendant's extensive misdemeanor convictions, which included illegal carrying of a weapon, two criminal mischiefs, simple battery under the Family Violence Relief Act, unauthorized use of a movable, drug loitering, and two criminal trespasses. The defendant also had two prior felony convictions and at least one instance of revoked probation. He was on parole at the time of the instant offense. The court further considered that the defendant had been expelled from high school, did not have a GED, and was unemployed.
The trial court imposed a sentence of five years at hard labor without benefit of parole, probation, or suspension of sentence, to be served consecutively to any other sentence. The trial court gave the defendant credit for time already served and recommended him for treatment in the Blue Walters Program or another substance abuse treatment program within the Department of Corrections.
No motion for reconsideration of sentence was filed. The defendant now appeals his sentence as excessive.

LAW
When a defendant fails to timely file a motion to reconsider sentence, the *915 appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164; State v. Jones, 41,449 (La.App.2d Cir.9/20/06), 940 So.2d 61.
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733; State v. Estes, 42,093 (La.App.2d Cir.5/9/07), 956 So.2d 779. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
A defendant's reduction in sentencing exposure through plea bargaining is a valid consideration in sentencing if the lesser offense does not adequately describe the defendant's conduct. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Morgan, 40,976 (La.App.2d Cir.4/12/06), 926 So.2d 822.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. McCall, 37,442 (La.App.2d Cir.8/20/03), 852 So.2d 1162, writ denied, XXXX-XXXX (La.12/17/04), 888 So.2d 858.

DISCUSSION
Pursuant to La. R.S. 14:27(D)(3) and 14:95.1, the maximum sentence for attempted possession of a firearm by a convicted felon is imprisonment at hard labor for not more than seven and a half years without benefit of parole, probation, or suspension of sentence and a fine of not more than $2,500. Thus, the sentence of five years imposed by the trial court is a mid-range sentence that is neither grossly disproportionate to the seriousness of the offense, nor does it constitute needless infliction of pain and suffering.
Considering the circumstances, which include the defendant's extensive criminal history and the fact that he received a reduction in sentencing exposure through his plea agreement, the sentence of five years does not shock the sense of justice.[1] In addition, the fact that the defendant was threatening to kill the mother of his child with the gun further shows that he was in need of correctional treatment and that any lesser sentence would deprecate the severity of the offense. Thus, the trial court-which carefully and fully articulated its reasons for sentence-did not abuse its *916 wide discretion, and the sentence is not constitutionally excessive.
Accordingly, this assignment of error lacks merit.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Had the defendant been convicted of the original charge of possession of a firearm by a convicted felon, he would have faced a sentencing range of imprisonment at hard labor for 10 to 15 years without benefit of parole, probation or suspension of sentence and a fine of between $1,000 to $5,000.