RLeBLANC, J.
The defendant, Louis E. Glover, was charged by bill of information with one count of attempted first degree murder, in violation of La. R.S. 14:27 and 30, and one count of armed robbery, in violation of La. R.S. 14:64. He pled not guilty. Subsequently, the charge of attempted first degree murder was dismissed. After trial by jury, the defendant was found guilty as charged of armed robbery. He received a sentence of thirty years at hard labor, without benefit of parole, probation, -or suspension of sentence.[1] Subsequently, his motion for an out-of-time appeal was granted.
The defendant has appealed, alleging three assignments of error, as follows:
1. The trial court erred in allowing the prosecutor to amend the bill of information after commencement of trial.
2. The trial court erred in denying the defendant’s motions in arrest of judgment.
3. The trial court erred in denying the defendant’s motion for a new trial.
FACTS
On October 30, 1994, the Ascension Parish Sheriff’s Office received a call from Ms. Jodi Simmons. Ms. Simmons related that she found a white male covered with blood, lying in the middle of River Oaks Drive in Geismer, Louisiana. Ascension Parish Sheriffs Deputy Paul Hall was immediately dispatched to the scene. Upon his arrival at the scene, Deputy Hall found a white male lying in the middle of the road covered in blood.- The victim identified himself as Ron Almedie.[2] The victim stated l.qthat a black male known to him as Louis had stabbed him and left in the victim’s pickup truck. He further stated that Louis worked with him at Furnace & Tubes, Inc.
Subsequent investigation revealed that the individual who worked at Furnace & Tubes with the first name of Louis was in fact the defendant, Louis Glover. Detective Mark Poirrier then contacted the defendant, who denied any knowledge of the incident. On October 31, 1994, the victim immediately identified the defendant from *1046 a photographic line-up. Thereafter, the defendant was arrested.
On November 1,1994, Detective Poirrier interviewed the victim, who stated that the defendant contacted him concerning money the defendant owed him. The victim drove to the defendant’s location, picked him up, and was told to drive to the defendant’s father’s residence to get the money. The defendant directed the victim down River Oaks Drive. At the end of this road, the defendant turned off the ignition switch and took the keys. The defendant stated he was going to kill the victim and immediately began stabbing him. As the victim exited the vehicle, the defendant followed, stabbing and hitting him with tools from his truck. After getting out of the vehicle, the victim took approximately $560.00 out of his wallet and gave it to the defendant, telling the defendant to leave him alone. After again stabbing the victim, the defendant took the money and truck and fled.
At the trial, Ms. Simmons related how she discovered the victim and called the police. Deputy Hall and Detective Poirrier testified regarding the investigation of the offense, which led to the defendant’s arrest.
| ¿The victim testified and recounted the details of the offense. He specifically testified that the defendant first turned off the ignition and removed the keys before announcing that he intended to kill him. At first, the victim believed the defendant to be joking until the defendant began stabbing him and then demanded money.
The defendant did not testify at the trial.
The defense called two witnesses. Charles Johnson testified that he knew the victim and the defendant. On the night of the incident, Johnson and two friends, Derrick Thompson and his brother Charles Thompson, observed the victim’s truck pass them as it proceeded down River Oaks Drive. According to Johnson, a few minutes later the victim began calling Derrick’s name from the woods. Derrick ran away and Johnson followed him, suggesting that they call the police, but Derrick did not call the police. Johnson approached the truck and observed that the truck’s door was open and the lights were on. Later, Johnson observed someone else driving the truck out of the woods.
Brian Dorville, the defendant’s brother-in-law, also testified at trial. According to Dorville, he showed a detective where the defendant lived and witnessed the initial search of the defendant’s trailer. Dorville did not observe any blood on clothes in the defendant’s trailer and testified that the detective did not take any of the defendant’s clothes.
On rebuttal, the victim testified that he had never seen Charles Johnson until the trial. The victim testified that he used to work with Charles Thompson, but was not familiar with the name Derrick Thompson.
I ¿ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:
In the first assignment of error, the defendant contends that the trial court erred in allowing the prosecutor to amend the bill of information after commencement of trial. In the second assignment of error, the defendant contends that the trial court erred in denying the defendant’s motions in arrest of judgment.
The original charges of attempted first degree murder and armed robbery violated double jeopardy, because the same armed robbery used as an element of the attempted first degree murder was also the armed robbery charge in count 2 of the bill of information. On the first day of trial, after the jury had been sworn pursuant to La.C.Cr.P. art. 790,[3] the defendant *1047 made an oral motion to quash the bill of information on the basis of double jeopardy. The trial court was inclined to agree with the defendant that both counts constituted a double jeopardy violation. The prosecutor offered to dismiss one of the counts, but defense counsel insisted that the entire bill of information be quashed. The trial court decided to recess the matter for the evening and resume the following morning.
On the morning of the second day of the trial, defense counsel requested the trial court hold the motion to quash in abeyance and instead consider a motion in arrest of judgment that defense counsel filed that morning. Defense counsel explained that, based upon his belief that the motion to quash was no longer the proper procedural vehicle once the trial had | fibegun, he filed the motion in arrest of judgment in accordance with the Official Revision Comments to La.C.Cr.P. art. 535. However, both the prosecutor and the trial court expressed a view that, as the trial had not concluded, there was no judgment to be arrested and, therefore, the motion to quash made by the defendant on the first day of trial was in fact the correct procedural vehicle. The prosecutor indicated that, if the trial had been concluded and this matter raised on appeal, the proper remedy would be to dismiss the lesser of the two convictions. On this basis, the prosecutor offered to dismiss count 1, attempted first degree murder, and prosecute the defendant only on the remaining count of armed robbery. Although defense counsel objected, the trial court overruled the objection, ordered count 1 quashed, and stated that the trial would proceed on the count of armed robbery alone. Defense counsel objected to this ruling, but did not state the specific grounds of the objection, apparently reasserting the earlier objection that the entire bill of information should be quashed. Thereafter, the trial court explained to the jury in a lengthy admonition that the original bill of information constituted double jeopardy, the first count charging attempted first degree murder had been dismissed, and the trial would proceed on the armed robbery charge alone.
In his brief to this Court, the defendant now contends that this amendment to the bill of information constituted an amendment of substance, which cannot be made once a trial begins. It is true that La. C.Cr.P. art. 487 provides that a mistrial shall be ordered in a case where trial has begun and, thereafter, a substantive amendment is made to the indictment. However, defense counsel in this situation never requested a |7mistrial. The parties obviously disagreed about the correct procedural vehicle to assert, although they all agreed that the bill of information as originally filed constituted double jeopardy. The defendant also contends that the trial court erred in denying the motions in arrest of judgment. The defendant filed a second motion in arrest of judgment after conviction, but prior to sentencing. This motion again raised the plea of double jeopardy. However, the trial court denied this second motion noting that the defendant had been tried only on the armed robbery charge because count 1 had been dismissed.
We find no error in the trial court’s rulings. Despite the confusion over the correct procedural vehicle to utilize, the defendant received relief in this matter. Count 1 was dismissed, thereby defeating the claim of double jeopardy. The defendant was not entitled to a complete dismissal of the entire bill of information, but only dismissal of one of the two charges. Neither at the trial, nor in his brief to this court, has the defendant expressed any concern regarding potential prejudice in that the jury was advised during voir dire that he originally faced two separate counts. Not only did he not claim prejudice, he did not request a mistrial. Accordingly, we find no reversible error in the failure to grant a mistrial in *1048 this situation despite the fact that the trial had actually commenced. Furthermore, the defendant was not entitled to have the entire bill quashed when, as noted above, dismissing one count cured the problem. Moreover, we find no error in the denial of the motions in arrest of judgment, since the double jeopardy problem was cured by the dismissal of count 1.
These assignments of error are merit-less.
| ^ASSIGNMENT OF ERROR NO. THREE:
In this assignment of error, the defendant contends that the trial court erred in denying the motion for new trial because the evidence is insufficient to support his conviction of armed robbery.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime and the defendant’s identity as the perpetrator of that crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. Johnson, 461 So.2d 673, 674 (La.App. 1 Cir.1984).
La. R.S. 14:64 A provides:
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
The defendant argues that the State failed to establish the element of a taking. Essentially, the defense argument relates to the credibility of the victim. In his brief to this court, the defendant states:
Mr. Amadee testified that the defendant had taken five hundred dollars from him. However, there is no evidence in the record to support this. No money was found in Mr. Glover’s possession when he was arrested. The victim testified that it was late in the evening when the defendant called him and that he was not dressed. He testified that the defendant had called him to pay back money that was owed to him.... It is inconceivable that Mr. Amadee would get dressed at 10:00 p.m. and take $500 in cash with him to meet the defendant at his house. Mr. Amadee’s self-serving statements that he was robbed of $500 is (sic) not sufficient evidence to support the conviction of armed robbery. The state presented no other evidence to prove armed robbery.
This defense conclusion completely ignores the taking of the victim’s truck. Furthermore, for obvious reasons, it is not 19necessary in every .armed robbery case to introduce the money or other items taken. Often the money is never recovered, as in this case.
As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1 Cir.1984). Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d at 38.
The victim positively identified the defendant as the perpetrator of this offense. He testified that the defendant turned off the ignition, took the keys, began stabbing him numerous times, and demanded money. The victim surrendered his money and asked the defendant to leave him alone, but the defendant continued stabbing the victim before finally leaving him for dead. The defendant then fled the crime scene in the victim’s truck.
The testimony of the victim is sufficient to establish the elements of the offense. State v. Creel, 540 So.2d 511, 514 (La.App. 1 Cir.), writ denied, 546 So.2d 169 (1989). The unanimous guilty verdict indicates that the jury accepted the testimony of the State’s witnesses, particularly *1049 the victim. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder’s determination of guilt. State v. Creel, 540 So.2d at 514.
After a careful review of the record, we find that the evidence supports the jury’s determination. We are convinced that a rational trier of fact, viewing all of the evidence as h (favorable to the prosecution as any rational fact finder can, could have concluded that the State proved beyond a reasonable doubt that the defendant was guilty of armed robbery.
This assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.

. The State filed a habitual offender bill of information. However, after several hearings, the matter was continued without date.

. In the bill of information, the victim's name is spelled "Amedee.” In his brief, the defendant spelled the victim’s name "Amadee.” In the trial transcript, it is spelled "Almedie.”

. In his brief to this court, the defendant refers to La.C.Cr.P. art 761, which indicates that a jury trial commences when the first prospective juror is called for examination. However, for double jeopardy purposes, in a jury trial, jeopardy attaches when the jury *1047 panel is sworn together pursuant to Article 790. La.C.Cr.P. art 592.