# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1111


**STATE OF LOUISIANA**

**VERSUS**

**KENT DALE SIMON**

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, DOCKET NO. CR-797-09
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE
**********

**SYLVIA R. COOKS**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters and Marc T. Amy, Judges.

**AFFIRMED**.

**G. Paul Marx**
**Louisiana Appellate Project**
**P.O. Box 82389**
**Lafayette, LA 70598**
**(337) 237-2537**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kent Dale Simon**


**Stacey C. Naquin, Assistant District Attorney**
**31st Judicial District Court**
**Parish of Jefferson Davis**
**P.O. Box 1388**
**Jennings, LA 70546**
**(337) 824-1893**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**COOKS, Judge.**

Defendant appeals his conviction for attempted sexual battery. For the following reasons, we affirm Defendant's conviction.

**FACTS AND PROCEDURAL HISTORY**

Defendant, Kent Dale Simon, was arrested for alleged sexual battery of a minor. He was subsequently charged with sexual battery, in violation of La.R.S. 14:43.1. Defendant entered a plea of not guilty. Jury selection commenced, and after the jury was selected, the State amended the bill of information to reflect the victim's date of birth. The jury returned a verdict of attempted sexual battery. Defendant was then sentenced to serve twelve and one-half years at hard labor, without benefit of probation, parole, or suspension of sentence. An oral motion to reconsider sentence was made and denied. A written motion to reconsider sentence was filed and also denied. A motion for appeal was filed and subsequently granted.

Defendant is now before this court asserting four assignments of error, contending the trial court: 1) should have denied the State's Motion to Amend the charge once trial had started; 2) erred in allowing testimony from the trial to be replayed to the jury in violation of La.Code Crim.P. art. 793; 3) erred in denying a Motion for New Trial because the evidence in this case did not prove the truth of the charge beyond a reasonable doubt, and the State used a booking photograph of him in closing; and 4) erred in sending the jury back into deliberation after being notified there was an eight to four deadlock.

**_____ANALYSIS**

**I.    *Assignment of Error No. 3***

In his third assignment of error, Defendant contends the trial court erred when it denied a Motion for New Trial, because the evidence in this case did not prove the

truth of the charge beyond a reasonable doubt. He argues there was no proof of the ages of the alleged victim and Defendant; therefore, the statutory requirements of those elements of the offense could not be established. Further, Defendant contends the State used a booking photograph of him in closing, tearing it up. Defendant notes although his counsel did not object to the use of the booking photograph, his counsel was not aware that a booking photograph was used until after the verdict and thus cannot be held to the contemporaneous objection rule under these circumstances.

We initially note Defendant did not file a Motion for New Trial. At the sentencing hearing, defense counsel asked that the matter be refixed because he wanted to file a Motion for New Trial. He asserted that a mug shot was used during closing arguments, torn into four pieces by the State, and put back together like the pieces of a puzzle and the trial court gave an *Allen* charge during jury deliberations. The trial court subsequently told defense counsel that he could take the matters up on appeal, and he had ample opportunity to file a Motion for New Trial; thus, sentencing would not be continued.

Although the Defendant did not file a Motion for New Trial, he raises issues of sufficiency of the evidence. When multiple issues are raised on appeal and sufficiency of the evidence is one of the alleged errors, the reviewing court should first determine the sufficiency of the evidence. *State v. Hearold*, 603 So.2d 731 (La.1992).

The Defendant was convicted of attempted sexual battery. Sexual battery is defined as:

> . . . the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:

(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or

(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

La.R.S. 14:43(A).

An attempt to commit a crime occurs when: "[a]ny person who, having a specific intent to commit a crime, does . . . an act for the purpose of and tending directly toward the accomplishing of his object. . . ." La.R.S. 14:27(A). Thus, the State must prove Defendant did an act for the purpose of and tending directly toward touching M.G.'s anus.

In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville,* 448 So.2d 676, 678 (La.1984). Additionally, where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, "assuming every fact to be proved that the evidence tends to prove." La. R.S. 15:438; *see State v. Neal,* 2000-0674 p. 9 (La.6/29/01), 796 So.2d 649, 657, *cert. denied,* 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). The statutory requirement of La.R.S. 15:438 "works with the *Jackson* constitutional sufficiency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational jury." *Neal,* 2000-0674 p. 9, 796 So.2d at 657.

*State v. Draughn*, 05-1825, p. 7 (La. 1/17/07), 950 So.2d 583, 592, *cert. denied*, 552 U.S. 1012, 128 S.Ct. 537 (2007).

[T]he testimony of a single witness, absent internal contradictions or irreconcilable conflicts with physical evidence, is sufficient to support a conviction. The credibility of the witness is a matter of weight of the evidence, not sufficiency, and determination of the credibility is left to the trier-of-fact's sound discretion and will not be re-weighed on appeal. *State v. F.B.A.*, 07-1526 (La.App. 3 Cir. 5/28/08), 983 So.2d 1006, *writ denied*, 08-1464 (La.3/27/09), 5 So.3d 138.

*State v. Jeter*, 09-1004, pp. 3-4 (La.App. 3 Cir. 4/7/10), 33 So.3d 1041, 1043-44.

During trial, the State played a video of the child advocacy center interview with M.G. During that interview, M.G. stated she was six years old and her birthday was November 18. M.G. told the interviewer that the events at issue occurred on a day she and her family went to the Zoo of Acadiana after school.

M.G. further stated that on the day she went to the zoo, her mother went out and left her and her brother with Defendant. While she was sleeping in her mother's bed, the Defendant pulled down her pants. She then woke up, and Defendant used his hand to touch "in" her "behind," which "hurted." Defendant then left the room, and she pulled up her pants and got under the bed. Defendant washed his hands and came back into the room. At that time, Defendant said A.G., M.G.'s mother, was going to hurt him because he had lost her daughter. Defendant subsequently bent down to get his hat and saw M.G. under the bed. Defendant made her come out from under the bed, and he kept asking her what was wrong. M.G. stated she told Defendant she wanted her mother. M.G. first told her brother about the incident. She indicated that she waited to report the incident because she was scared and thought her mother would be mad at her.

On diagrams presented to her by the interviewer, M.G. circled the part of her body that was touched by the Defendant and the part of his body that was used to touch her. She used a brown marker to draw a line down the center of her buttocks and circled the Defendant's finger.

At trial, M.G. testified that she was seven years old. M.G. recounted the events she described during the child advocacy interview. She also recalled that her mother was at the store when this occurred. When her mother got home, M.G. was sitting on the floor, and her brother was sleeping. Defendant was also sitting on the

-4-

floor asking her what was wrong.

M.G. testified she first told her older brother, K.G., what the Defendant had done because she was scared to tell her mother. During trial, the State played a video of the child advocacy interview of K.G. During that interview, K.G. stated M.G. told him Defendant pulled down her pants and touched her body. She also told him not to tell their mother. K.G. stated the events occurred while his mother brought her boyfriend to work during the summer. This was the only time Defendant watched him and his sister. K.G. testified he was nine years old at the time of trial. He further testified that M.G. told him Defendant pulled down her pants, and he told their mother. He thought the events occurred when he and his sister were out of school.

A.G., K.G.'s mother, testified that she knew Defendant because her ex-boyfriend's sister had a child with him. A.G. testified that the offense occurred in October 2008 and she was told of the events in March 2009. A.G. testified that K.G. told her Defendant pulled down M.G.'s pants. A.G. then asked M.G. about the incident. A.G. testified that M.G. told her after they got home from Boo at the Zoo, she woke up, and Defendant had pulled down her pants and was "messing" with her. Defendant then left the room, and M.G. hid under the bed.

A.G. testified that after returning from the zoo, the kids fell asleep in her bed. Defendant and Shannon knocked on the door. Defendant said they had too much to drink and wanted to crash on the couch. A.G. agreed. Shannon later asked A.G. to take him to the store. Defendant volunteered to watch M.G. and K.G. When A.G. got home, she noticed that the door of her home was closed and locked, which she had not done when she left. She found Defendant sitting on the floor of her bedroom with M.G. in his lap. Defendant stated he had gone outside to smoke, and, upon returning, could not find M.G. Defendant stated that he found her under the bed. A.G. asked

M.G. if everything was okay, and she indicated that it was. M.G. never told A.G. she was out of bed because she had a nightmare.

Defendant testified he was twenty-three years old. Defendant denied touching M.G. in an inappropriate manner in October 2008 or any other time. Defendant recalled drinking with co-workers in late October 2008 and subsequently going to the home of A.G. Defendant testified he brought Shannon to A.G.'s residence that night, because A.G. was holding some marijuana that had been sent for Shannon. A.G. denied holding or using marijuana.

Defendant testified that Shannon wanted A.G. to take him somewhere, and he volunteered to watch M.G. and K.G. After Shannon and A.G. left, he smoked marijuana outside then went back inside the house. He eventually went to check on the children and did not see M.G. Defendant looked through the house for M.G. for approximately five minutes. He went back into A.G.'s room, scratched his head, and his hat fell. When he bent down to pick it up, he heard M.G. crying. He then found her under the bed. Defendant asked M.G. what was wrong, and she said she wanted her mother. M.G. then crawled from under the bed into the Defendant's arms. M.G. cried and continued to say she wanted her mother. Defendant testified it was about three to four minutes from the time he found M.G. until A.G. returned home. Defendant testified M.G. told A.G. that she had a bad dream.

Defendant testified that he had been convicted of simple criminal damage to property and driving while intoxicated in June 2009.

In brief to this court, Defendant contends that M.G.'s testimony was the "total of all evidence offered." He also argues no other witness could support her claim and, her conduct was inconsistent with that claim. Defendant contends that when M.G.'s mother returned home M.G. was sitting in his lap, despite her claim that she

had gone under the bed. Defendant further argues "[t]hat makes no sense, as if she were hiding from him, she would not be quietly sitting in his lap." Further, Defendant asserts the factual issues, including the information that M.G.'s mother was gone for only minutes, and M.G. likely had a bad dream, impair confidence in the verdict. Defendant concludes there is too high a potential for the verdict to be a mistake, as the report was delayed for months. Lastly, he contends M.G.'s testimony is insufficient to convict him of attempted sexual battery.

We note the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even if there is no physical evidence. *State v. Leyva-Martinez*, 07-1255 (La.App. 3 Cir. 4/30/08), 981 So.2d 276, *writ denied*, 08-1200 (La. 1/30/09), 999 So.2d 747. M.G. stated the Defendant touched "in" her "behind" and it hurt. She also drew a line down the center of her buttocks and circled the Defendant's finger when asked to indicate on a diagram what part of her body the Defendant touched and what part of his body was used to touch her. The jury heard all testimony in this matter and obviously found M.G.'s version of the events credible. That credibility determination should not be second-guessed by this court. Accordingly, we find the evidence, when viewed in the light most favorable to the State, supports the verdict rendered by the jury. *See State v. Bertrand*, 03-2069 (La.App. 4 Cir. 4/28/04), 874 So.2d 905.

Date of the Offense

Defendant also contends the State failed to present evidence regarding the date on which the alleged events actually occurred. In *State v. Vidrine*, 08-1059 (La.App. 3 Cir. 4/29/09), 9 So.3d 1095, *writ denied*, 09-1179 (La. 2/26/10), 28 So.3d 268, the defendant was convicted of indecent behavior with a juvenile under the age of fifteen and sexual battery of a juvenile under the age of fifteen. On appeal, the State

maintained that dates were not essential to the crimes of which the defendant was convicted; therefore, the fact that the time frames were not specifically satisfied by the victim's testimony was not an essential issue. The State cited La.Code Crim.P. art. 468, which provides as follows:

> The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.
>
> If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day.
>
> All allegations of the indictment and bill of particulars shall be considered as referring to the same date or time, unless otherwise stated.

In our opinion in *Vidrine*, we stated:

> [I]t is well settled in Louisiana jurisprudence that the State is not required to present evidence proving the date of the offense when it is not an essential element of the crime. *State v. Yossett*, 41,926 (La.App. 2 Cir. 4/25/07), 956 So.2d 109, *writ denied*, 07-1110 (La.11/21/07), 967 So.2d 1155.

*Id*. at 1103.

In *State v. Yossett*, 41,926 (La.App. 2 Cir. 4/25/07), 956 So.2d 109, *writ denied*, 07-1110 (La. 11/21/07), 967 So.2d 1155, the second circuit found the actual date on which the offense of sexual battery was alleged to have occurred was not an essential element of the crime.

Based on the above-cited cases, we agree the date of the offense is not an essential element of attempted sexual battery.

Age

In setting forth the assigned error, Defendant asserts there was no proof of the ages of the alleged victim and himself; thus, the statutory requirements of those

elements of the offense could not be established.

Defendant did not discuss this issue in the body of his brief; thus, the issue is abandoned and cannot be considered by this court. Uniform Rules—Courts of Appeal, Rule 2-12.4.

Booking Photograph

Defendant notes that a picture of himself at the time of booking was torn into four pieces. During its closing argument the State used the torn photo to demonstrate that the facts in the case fit together like a puzzle. Defendant contends this suggested he was the puzzle the jury had to solve, and his mug shot was repeatedly shown to the jury as a suggestion of criminality and culpability, even though it was never admitted as evidence. Defendant further cites La.Code Crim.P. art. 774, which provides that closing arguments must be confined to the evidence admitted, to the lack thereof, to conclusions of fact that the State or Defendant may draw therefrom, and to the law applicable to the case. Defendant contends that using a picture of him as a prop is not allowed. Defendant contends it was prejudicial and reversible error to base the verdict on this to any extent, however, minimal.

No objection was made by defense counsel at the time the photograph was shown to the jury. Accordingly, Defendant waived review of the issue on appeal by failing to object during closing argument or immediately thereafter. La.Code Crim.P. art. 841; *State v. Johnson*, 604 So.2d 685 (La.App. 1 Cir. 1992), *writ denied*, 610 So.2d 795 (La.1993).

## II. *Assignment of Error No. 1*

In his first assignment of error, Defendant contends the trial court should have denied the State's motion to amend the charge once trial started. He notes the amendment set forth the victim's date of birth. Defendant contends that defense

counsel objected to the amendment, noting the amendment was substantive under La.Code Crim.P. arts. 487 and 761. Further, Defendant asserted the amendment added facts not previously alleged or pled in the case after jeopardy attached.

The State counters that adding the victim's date of birth to the bill of information did not affect how the Defendant prepared his defense in the case; therefore, the amendment was one of form, not substance.

Louisiana Code of Criminal Procedure Article 487(A) provides for the amendment of defective indictments, in pertinent part, as follows:

> An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.

> Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.

In *State v. Johnson*, 93-394. p. 3 (La. 6/3/94), 637 So.2d 1033, 1034-35, the supreme court discussed the amendment of bills of information as follows:

> La.Const.1974, Art. I, § 13 provides that "[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." This requirement protects the accused's right to prepare a defense and exercise fully his rights of confrontation and cross-examination. *State v. Germain*, 433 So.2d 110 (La.1983). The bill of information must therefore inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. *State v. Marcal*, 388 So.2d 656 (La.1980); *State v. Meunier*, 354 So.2d 535 (La.1978). Accordingly, the state may not substantively amend a bill of information to charge a new offense once trial has begun. La.C.Cr.P. art. 487; *Cf.*, *State v. Roberts*, 319 So.2d 317, 320 (La.1975), rev'd on other grounds, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), on remand, 340 So.2d 263; *State v. Bluain*, 315 So.2d 749 (La.1975)[.]

Louisiana Code of Criminal Procedure article 761 provides that "[a] jury trial

commences when the first prospective juror is called for examination."

After the jury was selected, the State moved to amend the bill of information to "reflect the correct date of birth of the victim."  The State then noted it did not believe the bill of information included that data.  Defense counsel objected to the timeliness of the amendment, indicating the jury had been sworn.  The following occurred during a discussion regarding La.Code Crim.P. arts. 487 and 761:

> MS. NAQUIN (Assistant District Attorney):  Your Honor, it looks like Code of Criminal Procedure Article 487.
>
>    . . . .
>
> MS. NAQUIN:  It states that the Court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
>
>    . . . .
>
> MR. OUSTALET (Defense Counsel):  Your Honor, if I may, 487 says before the trial begins, the Court may order an indictment amended with respect.  After the trial begins, a mistrial shall be ordered on the ground of a defect of substance.  Article - -
>
> THE COURT:  A defect of substance, and you're saying the commencement of trial was when the jury was sworn last night?
>
> MR. OUSTALET:  Code of Criminal Procedure Article 761 states that the commencement of trial - - a jury trial commences when the first prospective juror is called for examination.
>
>    . . . .
>
> THE COURT:  All right.  The trial has begun, Ms. Naquin.
> Is this a - - is - - the question then is is this a defect of substance.

The State asserted the amendment was not substantive.  The victim's date of birth would determine which sentencing provision applied to Defendant, and, if the victim was under the age of twelve, "then it triggers higher penalties."  Defense

counsel stated the amendment was substantive because it called into question the proposed penalties. The trial court overruled defense counsel's objection and allowed the State to amend the bill of information to include the victim's date of birth. Defense counsel then objected to the ruling.

In *State v. Glover*, 98-2632 (La.App. 1 Cir. 9/24/99), 754 So.2d 1044, *writ denied*, 99-3200 (La. 4/7/00), 759 So.2d 94, the defendant was charged with attempted first degree murder and armed robbery. After the jury was sworn, the defendant made an oral motion to quash the indictment on the basis of double jeopardy. On the second day of trial, defense counsel asked that the motion to quash be held in abeyance, and that the trial court consider a motion in arrest of judgment. The trial court found the motion to quash was the correct procedural vehicle. Count one of the indictment was subsequently quashed, and defense counsel objected, but did not state the specific grounds for the objection. The defendant was subsequently convicted of armed robbery.

On appeal, the defendant contended the amendment of the bill of information constituted an amendment of substance. The first circuit noted that article 487 provided that a mistrial should be ordered in a case where trial had begun and a substantive amendment was made to the indictment. It then stated: "However, defense counsel in this situation never requested a mistrial. The parties obviously disagreed about the correct procedural vehicle to assert, although they all agreed the bill of information as originally filed constituted double jeopardy." *Id.* at 1047. The first circuit stated that despite the confusion over the correct procedural vehicle to utilize, the defendant received relief. Further, the defendant did not claim prejudice and did not request a mistrial. It then found there was not reversible error in the failure to grant a mistrial in "this situation" despite the fact that trial had actually

-12-

commenced. *Id.* at 1048.

Defendant contends a mistrial should have been granted in this matter. Defendant in the case at bar merely objected to the amendment and read the applicable code article. He did not move for a mistrial. Based on the ruling in *Glover*, if the amendment was substantive, Defendant failed to request a mistrial; thus, he was not entitled to same. For these reasons, this assignment of error lacks merit.

### III.    *Assignment of Error No. 2*

In his second assignment of error, Defendant contends the trial court erred in allowing testimony from the trial to be replayed to the jury in violation of La.Code Crim.P. art. 793. During deliberations, the jury sent a note to the trial court asking to see the video of M.G.'s interview. The jury subsequently watched the video. He contends the lack of objection is immaterial, as this amounted to a structural trial error and could not be considered harmless because it was absolutely prohibited. The State counters that viewing of the videotape was a physical examination of an object or document received in evidence, not the repeating of trial testimony; thus, there was no error.

Louisiana Code of Criminal Procedure Article 793 provides, in pertinent part, as follows:

> A. Except as provided in Paragraph B of this Article, a juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict.

The error complained of by Defendant is a trial error subject to the contemporaneous objection rule. Defense counsel failed to object to the jury's

viewing of the videotape during deliberations; thus, the error was waived. La.Code Crim.P. art. 841. *State v. Collor*, 99-175, p. 12 (La.App. 4 Cir. 4/26/00), 762 So.2d 96, 103, *writ denied*, 00-1487 (La. 3/9/01), 786 So.2d 116. Accordingly, this assignment of error will not be considered.

## IV. *Assignment of Error No. 4*

In his fourth assignment of error, Defendant contends the trial court erred in sending the jury back into deliberations after being notified there was an eight to four deadlock. Defendant further contends the compelling nature of the court's instruction led to a verdict that was in fact a compromise, and the trial court erred in giving a prohibited "*Allen* Charge" to the prejudice of his due process rights.

However, it is not necessary for us to determine if the charge at issue was an *Allen* charge, as Defendant failed to object to the charge at the time it was given. Therefore, he waived review of the issue on appeal. *State v. Eugene*, 03-1128 (La.App. 5 Cir. 1/27/04), 866 So.2d 985, *writ denied*, 04-515 (La. 1/14/05), 889 So.2d 263; *State v. Caston*, 561 So.2d 941 (La.App. 2 Cir. 1990). Accordingly, this assignment of error will not be considered.

### DECREE

For the foregoing reasons, Defendant's conviction is affirmed.

**AFFIRMED.**