# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-415


STATE OF LOUISIANA

VERSUS

PAUL BROUSSARD


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 22316-08
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**


**John Foster DeRosier**
**District Attorney - 14th Judicial District Court**
**Karen C. McLellan**
**Assistant District Attorney – 14th Judicial District Court**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**Telephone: (337) 437-3400**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**


**Todd Samuels Clemons**
**1740 Ryan Street**
**Lake Charles, LA 70601**
**Telephone: (337) 477-0000**
**COUNSEL FOR:**
     **Defendant/Appellant - Paul Broussard**

**THIBODEAUX, Chief Judge.**

Defendant was convicted of attempted sexual battery for inappropriately touching an eleven-year-old girl and was sentenced to twelve and one-half years at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant argues the trial court improperly considered evidence of other crimes and the evidence was insufficient to support the conviction. Considering the testimony of the victim alone was sufficient to prove the elements of this sexual offense, we affirm Defendant's conviction and sentence.

## I.

## ISSUES

Defendant raises the following assignments of error:

(1) the trial court erred in considering other crimes evidence without articulating an appropriate use of this evidence under La.Code Evid. arts. 404(B) and 412.2;

(2) the trial court erred by admitting the other crimes evidence under a preponderance of evidence standard;

(3) trial counsel was ineffective in failing to properly challenge the admissibility of the other crimes evidence; and,

(4) the evidence was insufficient to support a conviction for attempted sexual battery.

## II.

## FACTS AND PROCEDURAL HISTORY

In the summer of 2007, J.B.,[1] an eleven-year-old girl, spent the night

---

[1] The victim's initials are used to protect her identity in accordance with La.R.S. 46:1844(W).

at Defendant Paul Broussard's home. J.B. was good friends with Defendant's daughter, Alexis, and since kindergarten, she would frequently sleep over. On the particular evening which forms the basis of this prosecution, J.B. testified that she was sleeping on the couch when Defendant picked her up to put her in bed. In the process of carrying J.B., he put his hand in her underwear and touched her vaginal and anal area. In December 2007, J.B. first told her friend Emily about the incident. Emily testified that beyond this incident, J.B. once told her that sometimes Defendant would tickle her below the waist and occasionally touch her inappropriately. On March 3, 2008, J.B. told her aunt who then told J.B.'s mother.

When a formal investigation began on March 12, 2008, Defendant told detectives that he was aware of the allegations through the elders of his church. He maintained that he was falsely accused. Defendant's wife, Julie Broussard, further testified that she was surprised by the allegations as her husband was not the type to engage in these actions. On March 17, 2008, J.B. was interviewed at the Child Advocacy Center (CAC) where she identified on a picture of a girl that Defendant touched her in her vaginal area.

A grand jury indicted Defendant for sexual battery, a violation of La.R.S. 14:43.1.[2] During the course of the proceedings, the State filed its notice of intent to introduce evidence of similar sexual offenses committed by Defendant with victim, M.W.

At a *Prieur* hearing on March 9, 2010, M.W. testified that she often babysat for Defendant and Julie from the time she was fifteen. She slept either on the couch or in the bed of one of their children. About ten years prior to the

---

[2]The alleged incident occurred in 2007. Since that time, La.R.S. 14:43.1 has been amended twice. *See* 2008 La. Acts, No. 33, effective August 15, 2008; 2011 La. Acts, No. 67, effective August 15, 2011.

hearing, M.W. arrived at Defendant's home planning to sleep there. Defendant suggested she sleep in the bedroom he shared with Julie, who was at work. He followed M.W. to the bedroom, got into bed with her, tried to kiss her, and put his hands up her shirt. M.W. repeatedly pushed Defendant away until he ultimately stopped. M.W. told her mother about the incident a few hours later, but she did not report it to the police. While Julie denies ever speaking to M.W. about the incident, M.W. testified that she informed Julie, who responded by saying, "I cannot believe he has done this again." In approximately 2003, Defendant sent M.W. a card apologizing for his behavior. He also wrote a letter in which he apologized and asked for forgiveness.

In the *Prieur* hearing, the trial judge admitted evidence of the prior acts involving M.W. because the facts were similar and showed "lustful predisposition to have sexual contact with young teenage girls." On December 15, 2010, the trial judge found Defendant guilty of attempted sexual battery, a violation of La.R.S. 14:27 and 14:43.1. Referring to the M.W. evidence admitted at trial, the judge commented, "[t]o be honest with you, but for that testimony, I probably would not have convicted [Defendant] . . . It was the evidence that made the difference between guilty and not guilty." He sentenced Defendant to twelve and one-half years at hard labor, without benefit of parole, probation, or suspension of sentence, and with credit for time served. The trial judge denied Defendant's motions for post-verdict judgment of acquittal and for new trial.

III.

## LAW AND DISCUSSION

### *Sufficiency of Evidence*

When issues are raised on appeal as to both sufficiency of evidence and other trial errors, the appellate court should first review the sufficiency of the evidence. *State v. Hearold*, 603 So.2d 731 (La.1992). The standard of review in a sufficiency of the evidence claim is "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged." *State v. Leger*, 05-11, p. 91 (La. 7/10/06), 936 So.2d 108, 170, *cert. denied*, 549 U.S. 1221, 127 S.Ct. 1279 (2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979)).

In *State v. Simon*, 10-1111, p. 7 (La.App. 3 Cir. 4/13/11), 62 So.3d 318, 323, *writ denied,* 11-1008 (La. 11/4/11), 75 So.3d 922, this court upheld a verdict of sexual battery, noting "the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even if there is no physical evidence." The case involved a six-year-old victim who testified in a CAC interview that she awoke when the defendant pulled down her pants and touched her "'in' her 'behind[.]'" *Id.* During the interview, the victim used a diagram to circle the part of her body where the defendant touched her. The victim's older brother testified his sister had told him about the incident, and he told their mother. Because the jury obviously found the victim's version of the events to be credible, this court concluded that it would not second-guess that credibility determination and affirmed the defendant's conviction.

Here, J.B. testified Defendant picked her up while she was sleeping and placed his thumb in her vagina while he carried her. In a CAC interview, she identified on a picture where Defendant touched her. Furthermore, she told her friend Emily and her aunt about the incident. The trial judge convicted Defendant of attempted sexual battery, indicating that he believed all the witnesses testified truthfully. Following *Simon*, J.B.'s testimony alone was sufficient to satisfy the elements of attempted sexual battery. It is not our place to second-guess the judge's determination of credibility. This assignment of error lacks merit.

### *Errors Involving Admission and Consideration of Other Crimes Evidence*

Defendant further contends that the trial court improperly considered evidence of Defendant's prior offense with M.W. This argument is moot as J.B.'s testimony alone was sufficient to support Defendant's guilty verdict. In addition, as the past crimes evidence was not necessary to attain the conviction, we need not consider whether trial counsel was ineffective in failing to challenge its admissibility. *See Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052 (1984).

Even if the other crimes evidence was necessary, Defendant's argument as to its admissibility and use fails. The evidence was properly admitted in the *Prieur* hearing under a preponderance of the evidence standard. *See* La.Code Evid. art. 1104; *Huddleston v. U.S.*, 485 U.S. 681, 108 S.Ct. 1496 (1988). Furthermore, Louisiana Code of Evidence Article 412.2 states, in pertinent part that:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which

> indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

Here, the trial judge indicated in his judgment that M.W.'s testimony "tend[ed] to corroborate J.B.'s testimony because it show[ed] interest in younger [women], younger girls, little girls and [inappropriately] touching them." In accordance with La.Code Evid. art. 412.2, the judge only considered the evidence to show Defendant's lustful disposition towards younger women. As such, the evidence was properly considered.

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920(2), we have conducted a thorough review of the record on its face and find no errors patent.

### IV.

### DISPOSITION

For the foregoing reasons, we affirm Defendant's conviction and sentence for attempted sexual battery.

**AFFIRMED**.