# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-597

**STATE OF LOUISIANA**

**VERSUS**

**TIMOTHY LEE DEASON**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
BEAUREGARD, NO. CR-2019-570
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**WILBUR L. STILES
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Jonathan W. Perry, and Wilbur L. Stiles, Judges.

**CONVICTION AND SENTENCE VACATED; JUDGMENT OF
ACQUITTAL ENTERED.**

**James R. Lestage**
**District Attorney**
**Thirty-Sixth Judicial District, Beauregard Parish**
**124 South Stewart Street**
**DeRidder, Louisiana 70634**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
> **State of Louisiana**


**Chad M. Ikerd**
**Ikerd Law Firm, LLC**
**Post Office Box 2125**
**Lafayette, Louisiana  70502**
**(337) 366-8994**
**COUNSEL FOR DEFENDANT/APPELLANT:**
> **Timothy Deason**

**STILES, Judge.**

A jury convicted Defendant Timothy Lee Deason of two counts of sexual battery against minors T.H. and S.D.[1] The jury acquitted Defendant of three remaining counts of sexual battery and a count of indecent behavior with a juvenile. Defendant appeals, questioning the sufficiency of the evidence for the conviction of sexual battery of S.D. For the following reasons, we vacate Defendant's conviction and sentence for sexual battery of S.D. and enter a judgment of acquittal

## FACTUAL AND PROCEDURAL HISTORY

The record reveals that Defendant lived with his girlfriend Shana Nash from March 2016 through June 2019. However, Ms. Nash left the home and the relationship on June 6, 2019 after her daughters T.H. (born June 1, 2012) and K.H. (born November 10, 2009) informed her that Defendant had inappropriately touched them. Ms. Nash immediately complained to the Beauregard Parish Sheriff's Office. Thereafter, Defendant's daughter, S.D. (born April 6, 2005) and Defendant's niece, K.D. (born December 10, 2002) also reported touching incidents involving Defendant.

Following the initial complaints, Detective Tiffany Maks investigated the three alleged incidents involving Defendant, each of which involved a touching. During the course of the investigation, Detective Maks interviewed T.H., K.H., and S.D., all of whom pointed to the vaginal area on a forensic drawing of a child's body used to identify the subject area of the alleged touching. Detective Maks also interviewed K.D., who indicated that Defendant touched her on two occasions, once touching her leg and once sliding his hand between her legs.

---

[1] We use the victims' initials pursuant to La.R.S. 46:1844(W)(1)(a).

The State filed its initial bill of information on August 14, 2019, charging Defendant with two counts of sexual battery of T.H, a child under the age of thirteen, in violation of La.R.S. 14:43.1(A)(2) and (C)(2); three counts of sexual battery of S.D., a child under the age of fifteen, in violation of La.R.S. 14:43.1(A)(2) and (C)(1); and indecent behavior with K.D., a juvenile under the age of seventeen, in violation of La.R.S. 14:81(A)(1) and (H)(1).

On May 18, 2022, the State amended the bill of information and charged Defendant with five counts of sexual battery and one count of indecent behavior of a juvenile. The amended bill of information changed the initials from T.H. to K.H. in Count Two, one of the two charges originally alleging sexual battery of T.H

A jury heard the matter over several days in May 2022, finding Defendant guilty of Count One, sexual battery of T.H., a child under the age of thirteen and Count Three, sexual battery of S.D., a child under the age of fifteen. The jury found Defendant not guilty of the four remaining counts. The jury was unanimous in each of its verdicts.

The trial court sentenced Defendant to thirty-five years without benefit of probation, parole, or suspension of sentence on the conviction for sexual battery of T.H., a minor under the age of thirteen, and to ten years at hard labor for the sexual battery of Defendant's daughter, S.D., who was under the age of fifteen. The trial court ordered that the sentences run consecutively to one another. Defense counsel verbally objected to the sentence but did not file a motion to reconsider.

Defendant appeals, assigning the following as error:

I.    The State failed to sufficiently prove that Timothy Deason was guilty of Count 3, Sexual Battery against his daughter, S.D.

II.     The maximum ten-year consecutive sentence imposed by the trial court against Timothy Deason for Count 3 Sexual Battery, is constitutionally excessive.

## DISCUSSION

*Errors Patent*

Following the review required by La.Code Crim.P. art. 920, we find no errors patent on the record.

*Sufficiency of the Evidence*

In his first assignment of error, Defendant contends the State's evidence was insufficient to support the conviction on Count Three, sexual battery against his daughter, S.D.[2] Defendant particularly asserts that S.D. did not testify regarding a purported incident occurring in March 2019, the basis of Count Three. Rather, Defendant maintains, S.D. testified to remembering two incidents taking place in May 2019. Those incidents correspond to Counts Four and Five in the amended bill of information.[3] The jury acquitted Defendant on the latter charges.

In response, the State maintains that it presented sufficient evidence that Defendant committed a sexual battery and claims that Defendant unduly focuses on the date of Count Three as set forth in the bill of information, March 2019. The date

---

[2] Count Three of the bill of information alleges that: "On an unknown date in March, 2019, TIMOTHY LEE DEASON did willfully and unlawfully violate R.S. 14:43.1A(2), C(1), Sexual Battery of S.D., a child under the age of 15, having been born on April 6, 2005, by touching her genitals, (a felony)."

[3] The amended bill of information details:

Count 4:     On an unknown date in May, 2019, TIMOTHY LEE DEASON did willfully and unlawfully violate R.S. 14:43.1A(2), C(1) Sexual Battery of S.D., a child under the age of 15, having been born on April 6, 2005, by touching her genitals, (a felony).

Count 5:     On or about May 26, 2019, TIMOTHY LEE DEASON did willfully and unlawfully violate R.S. 14:43.1A(2), C(1), Sexual Battery of S.D., a child under the age of 15, having been born on April 6, 2005, by touching her genitals, (a felony).

3

of the crime, the State explains, is not an essential element of sexual battery. Citing *State v. Weeks*, 21-605 (La.App. 3 Cir. 4/27/22), 338 So.3d 524, *writs denied*, 22-826, 22-859 (La. 10/4/22), 347 So.3d 894; *State v. Simon*, 10-1111 (La.App. 3 Cir. 4/13/11), 62 So.3d 318, *writ denied*, 11-1008 (La. 11/4/11), 75 So.3d 922; and *State v. Vidrine*, 08-1059 (La.App. 3 Cir. 4/29/09), 9 So.3d 1095, *writ denied*, 09-1179 (La. 2/26/10), 28 So.3d 268. The State also points out that the State is not restricted in its evidence to the date set out in the indictment.

Notwithstanding the State's accurate observation that the date of the offense is not an essential element, an appellate court's inquiry on review of a sufficiency of the evidence claim "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2798 (1979). Accordingly, as pertinent to Defendant's appeal, the record must show that the State proved beyond a reasonable doubt that Defendant intentionally touched the anus or genitals of the victim (S.D.) using any instrumentality or any part of his body, directly or through clothing, when the victim had not yet attained fifteen years of age and was at least three years younger than the offender. *See* La.R.S. 14:43.1(A)(2).

To the extent the State's case relied on testimonial evidence, it is important to recall that credibility assessment is vested in the jury, which may accept or reject testimony within the bounds of rationality. *State v. Brown*, 16-998 (La. 1/28/22), 347 So.3d 745. It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second-guess the credibility determinations of the triers of fact beyond the sufficiency evaluations

under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (La.1983) (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)).

As noted by this court in *State v. F.B.A.*, 07-1526, p. 2 (La.App. 3 Cir. 5/28/08), 983 So.2d 1006, 1009, *writ denied*, 08-1464 (La. 3/27/09), 5 So.3d 138:

> [T]he testimony of a single witness is sufficient to support a conviction "[i]n the absence of internal contradiction or irreconcilable conflicts with physical evidence." *State v. Dixon*, 04-1019, p. 12 (La.App. 5 Cir. 3/15/05), 900 So.2d 929, 936. The trier of fact may accept or reject the testimony of any witness, and the determination of the credibility of that witness, in whole or in part, is left to its sound discretion and "will not be re-weighed on appeal." *Id.* at 936.

The State first called Detective Maks to the stand. As noted above, Detective Maks investigated the matter following the initial complaints and testified that she interviewed T.H., K.H., and S.D., each of whom reported that Defendant touched their vagina. Detective Maks also interviewed K.D., who alleged in the interview that Defendant attempted to touch her, but that he touched only her thigh.

The State also called S.D., who confirmed her birth date as April 6, 2005, and stated that she was seventeen at the time of the May 2022 trial. S.D. explained that, although she lived with her mother, Carrie Spears, and her brother, Trenton Deason, she visited Defendant regularly.

S.D. testified that Defendant touched her when she was fourteen or fifteen while in the living room of his home in DeRidder. S.D., Defendant, and S.D.'s two brothers, Trenton and Gavin, were watching a movie at the time. S.D. stated that she and Defendant were on the couch, whereas Trenton and Gavin were on the floor. S.D. explained that she was lying on Defendant's lap when Defendant put his hands in her pants and "went from behind me like towards my butt and put his hands in." S.D. stated Defendant went under her underwear and touched her vagina for around thirty minutes to an hour. S.D. testified that she did not say anything to Defendant

nor did he say anything to her. S.D. said Defendant stopped when he fell asleep, so she was able to move away. S.D. confirmed this incident happened in May, at a time around her brother's birthday.

S.D. testified that Defendant again touched her when she and K.D., her cousin, were in bed. S.D. stated that Defendant came into the room and laid down next to them. S.D. explained that Defendant was rubbing the outside of her thigh, and when she turned over, Defendant put his hand between her thighs. S.D. estimated that Defendant stayed in this position for around thirty minutes. S.D. confirmed that these events happened around the time of Trenton's May 14th birthday. When asked "what year that was[,]" S.D. replied "I think maybe 2018, 2019. Somewhere around there."

K.D. also testified, stating that Defendant, her uncle, touched her "about four years ago." K.D. explained to the jury that she was at the house where Defendant was living and was with S.D. in bed when Defendant touched her vaginal area. K.D. confirmed that Defendant touched both her and S.D., and that she tried to protect S.D. by pushing Defendant "off a couple of times." K.D. testified that she saw Defendant touch S.D., and that she, K.D., moved Defendant's "hand every time he tried to do it again." K.D. explained that, after the touching, Defendant left the room without saying anything.[4]

The defense called Kathy Deason, Defendant's mother. Ms. Deason testified that Ms. Nash, T.H. and K.H.'s mother, dropped off Trenton on June 6, 2019, and informed Ms. Deason about the incidents involving Defendant as alleged by T.H. and K.H. Ms. Deason said her grandson told her he did not believe Defendant "did

---

[4] Count Six charged Defendant with indecent behavior with a juvenile (K.D.). The jury acquitted Defendant of that charge.

6

this" and that K.D. put her arms around Trenton and said, "I don't believe he did." Ms. Deason testified that Defendant denied the allegations as well and that she saw both Trenton and K.D. hug Defendant.

Defendant similarly denied the allegations when he took the stand in his own defense. Defendant testified regarding difficulties with S.D.'s mother and explained that he communicated with S.D. over text messages. Defendant said none of the children had ever accused him of this type of behavior before but that they had reasons to lie due to his contentious relationship with their mother. On cross-examination, Defendant admitted his alcoholism and methamphetamine use. Defendant also acknowledged that his alcoholism has caused him to lose some of his memory, but he said it was not possible that he touched his daughter. Defendant acknowledged that S.D. visited his house in May of 2019 and stayed Saturday through Sunday. Defendant suggested that S.D. went home angry at him and has not been back since. He maintained that each of the children had lied..

As stated above, Defendant notes the absence of testimony regarding a March 2019 touching incident with specificity and thus argues that there was insufficient evidence to prove Count Three, which alleged a sexual battery against his daughter in "March, 2019." Defendant asserts that the State differentiated the alleged acts with distinct timeframes in the bill of information.[5] This inclusion, Defendant argues, renders the dates essential elements of the crimes because the dates distinguished the acts from one another. S.D.'s testimony regarding two separate touching incidents occurring around her brother's May birthday, Defendant

---

[5] The bill of information reflects the following: Count Three speaks to an "unknown date in March, 2019"; Count Four speaks to an "unknown date in May 2019"; and Count Five speaks to "on or about May 26, 2019."

7

contends, tracks Count Four and Count Five. The jury, however, acquitted Defendant of both of those charges.

In response, the State notes that although S.D. testified about two incidents where Defendant touched her inappropriately, S.D.'s statement to Detective Maks on June 13, 2019 indicated that there had been three or four instances of inappropriate touching.[6] The State asserts S.D.'s testimony about the incident on the couch was corroborated by S.D.'s circling of the vaginal area on an anatomical diagram used by Detective Maks during the interview. As to the second incident, both S.D. and K.D. testified that Defendant touched and rubbed them in a sexual manner. The State argues the testimony of S.D. alone is sufficient to support a conviction, and the jury believed as much.

As to the dates of the incident, the State claims it is understandable that she was unable to remember specific dates or years, especially when considering Defendant's testimony that he would sometimes celebrate birthdays months before or after the actual birthday to coincide with his visitation. The State argues that Defendant's testimony revealed the crimes against S.D. could have occurred in March, April, or May of 2019. The State further claims that S.D.'s claims against her father were corroborated by the testimony and evidence in support of Count One, involving sexual battery of T.H. and on which Defendant was convicted. The State claims the evidence in Count One tends to prove he was guilty of Count Three and shows Defendant's lustful disposition toward children, which is relevant for sufficiency of the evidence.

---

This investigative report, however, was not introduced into evidence during trial and was not considered by the jury.

It is undisputed that the State demonstrated that S.D. was under the age of fifteen at the time of any of the alleged 2019 offenses and that Defendant was in his forties during the time of the purported crime. The State thus proved the age requirements of La.R.S. 14:43.1(A)(2).

As for the occurrence of the offense, the jury was tasked with determining whether Defendant should be convicted of three counts of sexual battery upon S.D. It returned a guilty verdict on only Count Three, the offense purportedly occurring in March 2019.

In *State v. Jackson*, 11-1280, (La.App. 4 Cir. 8/22/12), 99 So.3d 1019, *writs denied*, 12-2057, 12-2084 (La. 3/15/13), 109 So.3d 375, the defendant was charged with three counts of felony carnal knowledge of a juvenile, and he was found guilty on two of the three counts and was acquitted on the third. The first count alleged the defendant committed felony carnal knowledge of a juvenile on November 28, 2008; the second count alleged the defendant committed the crime on February 24, 2009; and the third count alleged he committed the crime on May 10, 2009. *Id.* The defendant was acquitted of count two. The defendant appealed, and in his first assignment of error, he argued the evidence was insufficient to support his convictions. *Id.* at 1023. The fourth circuit held the jury's finding as to count one should not be disturbed on appeal, but the court reversed the jury's findings as to count three. *Id.* The court held as follows:

> The State is not required to present evidence proving the date of an offense when it is not an essential element of the crime. La.C.Cr.P. art. 468; *State v. Brown,* 421 So.2d 854, 856 (La.1982). As to the crime of carnal knowledge of a juvenile, the date of the offense is not an essential element. *State v. S.L.D.,* 08–549, pp. 7–8 (La.App. 3 Cir. 11/5/08), 997 So.2d 759, 765–766. Thus, the fact that S.P. was unable to give any specific dates is not critical to the charge and does not necessarily prove that the incidents did not occur.

Mr. Jackson asserts that despite S.P.'s testimony that she had sex with Mr. Jackson at the Econo Lodge Motel, the State failed to sufficiently prove that sexual intercourse occurred. He contends that S.P. testified only that she and Mr. Jackson "had sex" a few times, without any questioning by the State as to whether she understood what constituted sexual intercourse. However, the record reflects testimony from which the jury could reasonably infer that S.P. knew and understood the meaning of her testimony.

. . . .

The trier of fact makes credibility determinations, and may, within the bounds of rationality, accept or reject the testimony of any witnesses. *State v. Hampton,* 98–0331 (La.4/23/99); 750 So.2d 867, 880. The evidence established that the car accident involving M.N. occurred over the Thanksgiving holidays. S.P. testified that after leaving the hospital, Mr. Jackson took her and M.N. to a hotel and had sex with them. Here, the jury chose to find S.P. credible despite her sometimes imprecise testimony and the absence of corroborating evidence. With regard to count one, charging Mr. Jackson with felony carnal knowledge of a juvenile on November 28, 2008, the finding of the jury is not clearly contrary to the evidence and should not be disturbed on appeal. This assignment of error is without merit as to this count.

However, with regard to count three charging Mr. Jackson with felony carnal knowledge of a juvenile on May 10, 2009, this court is troubled by the lack of evidence, testimonial or documentary, of any illegal activity taking place between Mr. Jackson and S.P. on or around this date. S.P.'s testimony did not include any reference to May 2009. We recognize that S.P. gave a taped statement to Det. Sentino, which was played for the jury, but that statement is not a part of the record before us for review. Therefore, we cannot consider it. Mr. Jackson testified that he never took S.P. to a hotel and specifically testified that he did not take her to a hotel on May 10, 2009. The only other reference to May, 2009 in the transcript is contained in Det. Sentino's testimony[.]

. . . .

Considering the evidence before us, we find this assignment of error with regard to this count to have merit. The evidence is insufficient to support the conviction of felony carnal knowledge of a juvenile on or around May 10, 2009. Accordingly, we reverse the jury's finding on this count.

*Id*. at 1024-25.

Similarly, in this case, the State charged Defendant with three separate instances of sexual battery of S.D., but S.D. only testified about two instances both of which allegedly occurred in May 2019. Thus, the State patently presented insufficient evidence as to the count that it precisely charged as having occurred in March 2019. The jury instructions reflect that Defendant was charged with "*three (3) separate counts* of Sexual Battery of a Child Under the Age of fifteen (15)[.]" (Emphasis added.)

While the date is not an essential element of the crime of sexual battery, the dates are nonetheless relevant as to *the occurrence* of the third charged instance of sexual battery. The State charged Defendant for three instances of sexual battery and specifically alleged that they occurred in March 2019 (Count Three), May 2019 (Count Four), and again on May 26, 2019 (Count Five). Neither S.D. nor any other witness testified as to an incident beyond the two alleged May 2019 occurrences. Furthermore, S.D.'s allegations of two instances of touching track Counts Four and Five in the bill of information. The jury acquitted Defendant on those counts. S.D. plainly denied recollection of a third offense.[7]

---

[7] On the point of a third offense, S.D. replied as follows on questioning by the prosecutor:

Q      Were there other times that he touched you?

A      No, sir. Not that I remember clearly.

Q      How many times could you say that he did touch you?

A      Twice that I remember completely.

Q      Okay. And that was in May; correct?

A      Yes, sir.

Q      And you remember that because it's around your brother's birthday?

A      Yes, sir.

To the extent the State relies on Detective Maks's investigative report's reference to an earlier incident, the State did not introduce that report at trial, and the jury was not privy to its contents. In *Jackson,* 99 So.3d 1019, the panel refused to consider the victim's recorded statement to police when that statement was played for the jury but was not made part of the record. In this case, neither Detective Maks's interview of S.D. nor her resulting report were published to the jury.

Given the record's absence of evidence as to the occurrence of a third incident supporting the conviction on Count Three, we find merit in this assignment of error. Accordingly, as to Count Three, we vacate Defendant's conviction and sentence and enter a judgment of acquittal.

*Sentence*

Defendant's second assignment of error by which he claims that the sentence imposed is excessive is rendered moot by our above determination.

**DECREE**

For the foregoing reasons, Defendant Timothy Lee Deason's conviction and sentence for the sexual battery of S.D. are vacated.

**CONVICTION AND SENTENCE VACATED; JUDGMENT OF ACQUITTAL ENTERED**

12